IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| FOURTHWALL MEDIA INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUBMEDIA EUROPE, )<br>MEHMET R. ARAS )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br><br>Case Number 1:11-cv-00823-EGS |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff FourthWall Media, Inc. ("FourthWall") hereby moves for entry of default judgment in favor of FourthWall on the issue of non-infringement against Defendants Submedia Europe and Mehmet R. Aras (collectively, "Defendants"). In doing so, FourthWall specifically asks the Court to declare that FourthWall does not infringe U.S. Patent No. 7,036,139 ("the '139 Patent") as alleged in Count I of the Complaint.

### I. Summary of FourthWall's Position

This Court should enter default judgment in favor of FourthWall on the issue of non-infringement for three reasons:

- Defendants have willfully delayed this case for more than a year by failing to answer or otherwise respond to the Complaint, despite having actual and constructive notice of the Complaint;

- Defendants' delay has prejudiced FourthWall; and

- Defendants have failed to assert a meritorious defense to the Complaint.

As shown below, this Court considers these three factors when weighing a motion for entry of default judgment. Each factor to be considered by the Court weighs heavily against Defendants. Thus, this Court should enter default judgment in favor of FourthWall.

II.   **Factual Summary**

FourthWall developed and sells their Ad Widgets and TV Widgets products within the United States. On February 2 and March 7, 2011, FourthWall was contacted by Dilworth & Barrese LLP, U.S. counsel for Defendants, alleging that FourthWall's Ad Widgets product infringed the '139 Patent. Upon receiving these communications, FourthWall diligently investigated the allegations and sent a clear explanation of why the patents did not infringe to Defendants' counsel. On June 3, 2011, Dilworth & Barrese LLP further implicated FourthWall's TV Widgets products in their allegations of potential infringement. After failing to resolve the allegations with Defendants' counsel, FourthWall properly filed the Complaint in this action on May 3, 2011. *See* D.I. 1. The Complaint sought 1) a declaration that FourthWall's products and services did not infringe the '139 Patent; and 2) a declaration that the '139 Patent is invalid.[1] *Id.* FourthWall properly served Defendants by publication in the August 28-30, 2011 editions of *The Washington Post*. *See* D.I. 5. FourthWall's counsel also sent a courtesy copy of the Complaint via email on May 4, 2011 to Dilworth & Barrese, LLP, United States counsel representing Defendants in letters accusing FourthWall of infringing the '139 Patent prior to the filing of this Complaint. On August 26, 2011, FourthWall also sent copies of the Summons and the Complaint via Registered Mail to Defendants' last known addresses and via Certified Mail to the law offices of Dilworth & Barrese, LLP. *See* D.I. 5, Exhibit C.

---

[1] Plaintiff is not seeking default judgment as to the invalidity claim, but instead separately moved to dismiss that claim without prejudice.

During the several months after the filing of the Complaint, FourthWall's counsel was contacted by Regnum Solicitors, counsel for SubMedia Europe, acknowledging receipt of FourthWall's letter and noting the client's understanding of the suit filed against them. FourthWall's counsel also communicated with Timucin Bilgor, a director of SubMedia Europe, who also indicated awareness of the suit. At Defendants' request, FourthWall filed an Unopposed Motion for Extension of Time to Respond to the Complaint on behalf of the Defendants on October 27, 2011. *See* D.I. 8. This stipulation extended Defendants' time to answer the Complaint until November 28, 2011. More than a year has passed since the extended deadline, and Defendants have failed to respond to the Complaint despite being provided with ample time to do so.

### III. Analysis

FourthWall moves for entry of default judgment of non-infringement in this case because of Defendants' willful failure to respond to the Complaint for over a year, despite having both actual and constructive notice of the Complaint.

The D.C. Circuit has held that courts may grant default judgment against a "totally unresponsive party" upon consideration of three factors: first, whether the delay was willful; second, whether the plaintiff has been prejudiced by the delay; and third, whether the defendants have asserted a meritorious defense. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *see also Honda Power Equip. Manf., Inc. v. Woodhouse*, 219 F.R.D. 2, 4 (D.C. Dist. Ct. 2003). Each of these three factors weighs heavily against Defendants.

First, Defendants have willfully delayed this case. Defendants had constructive notice of the Complaint due to FourthWall's service by publication in the August 28-30, 2011 editions of *The Washington Post*. Further, Defendants had actual knowledge of the Complaint, as evidenced

3

by their request for extension to answer the Complaint (which was agreed to, and even filed by, FourthWall). Defendants' failure to respond to the Complaint for over a year, despite having received actual and constructive notice of FourthWall's complaint and an extension to respond, demonstrates the willful nature of their default. *Honda Power Equip.*, 219 F.R.D. at 5. Defendants willful delay of this case weighs heavily against Defendants.

Second, Defendants' delay has prejudiced FourthWall. Defendants' failure to respond has both unnecessarily prolonged this case and hindered FourthWall's attempts to resolve the issue of whether its Ad Widgets product infringed the '139 Patent. This case has now been pending for over a year and a half, with more than a year of that time solely attributed to Defendants' willful failure to respond to the Complaint. During that time, FourthWall has continued to invest in advertising and marketing around its Ad Widget product while being denied prompt adjudication of its claims. This court has held on multiple occasions that such prolonging of the case is a basis for a finding of prejudice. *Id.*; *see also United States of America v. Funds from Prudential Sec., et al.*, 209 F.Supp.2d 259, 266-67 (D.C. Dist. Ct. 2002). Thus, Defendants failure to respond to the complaint for over a year has prejudiced FourthWall, and weighs against Defendants.

Third, Defendants have not asserted a meritorious defense to the Complaint. In fact, Defendants have asserted **no** defense to the Complaint because of their continued failure to respond despite having more than a year to do so. Defendants no doubt had ample information that would have allowed them to mount a defense to the Complaint, as they indicated on multiple occasions that they had reason to believe FourthWall infringed the '139 patent. Rather, Defendants willingly chose not to mount a defense after being presented with FourthWall's ample evidence of non-infringement. Further, even if Defendants attempted to assert a defense

at this late stage, this Court has held that a willful default that has prejudiced the Plaintiff is enough to justify a default judgment, even if Defendants attempt to assert a defense after a motion for entry of default judgment is filed.  *Honda Power Equip.*, 219 F.R.D. at 5-6.  Defendants failure to assert a meritorious defense to the Complaint weighs against Defendants.

Each of the three factors to be considered by this Court weighs heavily against Defendants.  Defendants' delay of over a year and with no attempt to respond to the Complaint or assert a meritorious defense, and the prejudice to FourthWall as a result of that delay, justifies entry of default judgment in this case.

## IV. Conclusion

As shown above, Defendants have willfully delayed this case for more than a year despite having actual and constructive notice of the Complaint.  Additionally, Defendants' delay has prejudiced FourthWall.  Finally, Defendants have failed to assert a meritorious defense to the Complaint.  In view of these factors and pursuant to Federal Rule of Civil Procedure 55(b)(2), FourthWall hereby requests that this court immediately enter default judgment in its favor and issue an order declaring that FourthWall Media, Inc.'s targeted and interactive products for television advertising and television programming, including "Ad Widgets" and "TV Widgets," do not infringe any valid claim of United States Patent Number 7,036,139.

Dated:  February 1, 2013                    Respectfully submitted,

**FourthWall Media, Inc.**


/s/ Rodger L. Tate
Rodger L. Tate (DC Bar No. 230242)
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Ave, NW
Washington, DC 20037
TEL:  (202) 955-1500
FAX: (202) 778-2201

*Attorney for Plaintiff*
*FourthWall Media, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2013 the foregoing **MOTION FOR ENTRY OF DEFAULT JUDGMENT** was served via on the following:

*via Registered Mail:*

Submedia Europe
5-15 Cromer Street
London, England WC1H 8LS


Submedia Europe
Goksu Evleri Nergis Cad. No: B271/B
Goztepe Mah, 34815 Beykoz
Istanbul, Turkey


Mehmet R. Aras
Bestekar Sokkak 74/10
Ankara, Turkey 06680


*via Certified Mail:*

Leo Lenna
Dilworth & Barrese, LLP
1000 Woodbury Road
Suite 405
Woodbury, New York 11797


                                              /s/ Rodger L. Tate
                                              Rodger L. Tate